Good morning, may it please the court. I am Philip Bosch, appearing for Folex Golf Industries, Inc., the appellant. We have somewhat of an unusual situation here for me, in the sense that we're quoting the court to itself on a case involving statute of limitations that the court has already ruled upon previously. And it's based on one document that I'm going to get to in a minute. But I'd really like to start with the taking of the facts most favorable to my side. And that is that, for starters, OTA's general manager lied in December of 2005. Now, the nature of the lie is fleshed out in the record. But pretending to take the side of Folex and saying that they were no longer going to be buying the product from LSMRI were lies. Now, the evidence- Even if we agree with you, why isn't the letter evidence of the date when your client became aware of the lie for purposes of determining the timeliness? Several reasons. One is that the letter, if you look at the date of the letter, it's August 20, 2006. And the court below held that the only reasonable inference that you could draw from a letter dated August 20, 2006, was that they had notice of something in the prior year, in 05. That's more than a leap of faith. It's not even the most reasonable inference. It's not the only inference, but it's not the most reasonable inference. When people are upset about things, it's a reasonable inference to suggest that they became aware of something much closer in time to the actual date of the complaint. Not the letter can't possibly be, it says nowhere on its face anything about suspicion of the lie in 2005. And I would say that this whole issue- What we're really talking about, and I hate to go back with what you've already said, but it seems to me that I got a panel of this court who's already said, you cannot rule on statute of limitations in this particular case, because there's issues of material fact that are there. And so go back and have a trial, or go back and take some more evidence, or go back and do something. Because on the evidence that's in the record at that point, there's not enough to say the statute of limitations is a good defense. Now, we got one thing that came in since then. The letter of August 20 of 2006. Now, I don't want to be mean, but it was a surprise to me that the district court concluded that this was new and substantially different. So I looked at what did the district court say? Why was it new and substantially different? Unless I'm wrong, there is no basis for that conclusion. You agree? I do agree. So if I read the letter, now I've got to say, if I understand it, that the letter itself disposes of material issues, or of issues of material fact that the earlier panel said there were. So I've got to find in the letter something that disposes of it. In your mind, is there any way to say this letter says that Folex knew that OTA had engaged in misconduct? No, quite to the contrary. OTA's only mentioned three times in the letter. And the first time it's mentioned, it says that OTA said that, of course, the agency fees should be paid. And then again, at ER 302, OTA says, of course, the agency fees must be paid as this is an international business agreement. And then the last time OTA's mentioned it, actually it's the first time, the ER 297, it states that in 2005, OTA gave up its plans to manufacture outside the relationship when threatened, actually 2004, when threatened by Folex. So you look here and you see not only does the letter not even mention any fraud or lie, but there's absolutely nothing to put anyone on notice that Folex knew that there was a lie in 2005. What? If I do not find that the August 20th, 2006 letter exposes the issues of material fact, then at that point, do I even have to reach the second argument? No, you don't, Your Honor. We did show several things that indicate that it was not raised for the first time on appeal because Judge Reel had, and this was the supplemental record at 430, Judge Reel had before him, as this court had before it, thousands of pages. And one of the things that it had before it was the letter dated October 20, 2006, which was the summary of this longer letter. And so it was attached to the motion for summary judgment that this court reversed. So- So, and then I absolutely wouldn't have to get into the award of attorney's fees. You absolutely would not. So it all runs down to, does the August 20, 2006 letter do anything about the issue my court has already said there are issues of material fact? No, what I would say is slightly different, slightly different is that the first time OTA was trying to carry water for not only itself but for LSMRI, LSMRI is out now. So we look at now the letter with respect to OTA only, and what's there with respect to OTA only, no indication whatsoever of any fraud, continuing lying, as a matter of fact, it reaffirms the belief of Folex that OTA was telling the truth. That's all the questions I have. I'd reserve for rebuttal if I may. All right, thank you counsel. Thank you. May it please the court, my name is David Kesselman, on behalf of the APLE OTA, Precision Industries. And obviously we completely disagree, we believe that the- Well, tell me then, if you completely disagree, where do I find the explanation that the August 20, 2006 letter was new and substantially different in the district court's opinion? It's new and substantially- I want to know where do I find it in the district court's opinion? Because it's the district court I'm reviewing, not your good arguments you want to make now. What is the language in the district court opinion that states that this is new and different evidence? No question they found it new and different, but no question. I don't have the slightest idea why he said that. Well, if you look, your honors, at ER 14 in the district court's opinion, and if you look at paragraph 20, Judge Reel does identify the language suggesting that the December 31, 2005 statement that Fuller- Where are we? Paragraph 20, I'm sorry, ER 14. We're looking at ER 14, paragraph 20. Right. And the district court judge is reading or reciting from the August 20 letter, and the district court judge is stating here that in the letter, Folex itself admits it knew at all times- That's not what this says. Well, it says, falsely and covertly, LSMRI was still manufacturing products, resulting in a breach of contract and a public fraud. Right. And it doesn't say that Folex admitted anything. Well, it's Folex's own letter, and what the judge is saying is the letter can only be read to mean that Folex never believed that LSMRI and OTA had stopped doing business together. It seems a tough job for me to say that the district court had any good knowledge about that that I couldn't have. And yet, this is a letter. It's a letter written. One could have had a hearing, which everybody thought the good judge would do, and determined, what is there about this August 20 letter that goes one way or the other? Everybody could have had a chance to explain and cross-examine and come to some idea about what and why. But instead, he jumps to conclusions. That's the reason I don't think there's a basis. He jumps to conclusions. And therefore, I said to myself, why do I follow that? Why not have a hearing, judge? Why not find out what that letter really says and if it has any significance or not? Well, let me put it this way, Your Honor. Part of it is you're trying to take that August letter in isolation. No. I'm trying to take that August letter and see whether it is new or whether it is different. But the reason, Your Honor, that you have to look at the totality is because the last time when I stood here and we argued statute of limitations in 2012, they conceded. And the record is undisputed. They were on notice. They were aware of the alleged wrongful conduct, fraudulent conduct. You've got April 2005. The record is undisputed that Folex's officer admits he was aware. June, June 30, October 14, December 2, they repeatedly threatened OTA and LSMRI with litigation. The reason at the last hearing before the Ninth Circuit on this issue that they got a reprieve and they got to go back down was solely because they said, well, in December of 2005, we may have been on notice until we were misdirected by the OTA general manager. We were told that they were no longer doing business. It was that one issue. Our previous panel said there was an issue of fact on this which would preclude summary judgment on timeliness. So why are we, why is it any different now? Because we didn't have the August 20th letter. I don't know that the August 20th letter, first of all, I don't know whether it's new and different because as counsel suggested, I'm not sure you didn't have something in the record other than the August 20 letter which may have summarized the August 20 letter prior. Let me address that, Your Honor. May address that. That's one issue. The second issue is I read the letter. I'm not sure in reading it that it answers the question you think it answers. And if I'd have been Judge Reel, I'd have said, well, let's have a hearing. But he didn't need to have a hearing, Your Honor, because they offered no... I don't have to give him any deference on this because what he's trying to do is make legal conclusions. Well, respectfully, Your Honor, the legal standard for reviewing what the lower court says, I understand it's de novo for summary judgment, but for reviewing whether or not the district court's findings as to whether the plaintiff was on notice for statute of limitations purposes is a mixed question of law. In fact, it's actually reviewed under clear error. But it's also with the overlay of trying to avoid the law of the case. Well, but let me address why the law of the case does not apply. It is correct, and by the way, they didn't put it in the record, but it is correct there was this three-page summary. But the key distinction and why the court of appeal last time couldn't rely on it, frankly, why we couldn't rely on it, is because there was a critical error in the date in the cover letter. If you look at the submission that they've put in front of Your Honors, that letter, the cover letter, and the reason why it never became an issue the first time is because at SER 431, it says that the public fraud came to light, and they wrote on February 31, 2005. Well, no one knew what that meant. But couldn't all of that have been sorted out if there had been an evidentiary hearing before Judge Rill the second time? But they proffered no evidence. It was their obligation under the law. Once we had proffered that they were on notice, the law says they have the burden of proof as the plaintiff to come forward and proffer new evidence to explain this gap. They didn't do it. They relied on old declarations from the prior summary judgment hearing in 2012. They never addressed the August 20, 2006 new letter. So Judge Rill didn't have to hold an evidentiary hearing because they didn't put new evidence into the record to directly address it. Well, he ruled that this was new evidence and different evidence. And what do you think our standard of review is when we are assessing whether or not he was correct? What's our standard of review? You think it's what? Well, I think it's clear error, and if you look at... Well, is it a factual determination? Well, it's a mixed question of law and fact. Well, if it's mixed, then it can't be clear error. Well, the Ninth Circuit... I don't like the word mixed because I think there's legal decisions and then I think there's factual decisions. But this absolutely is a legal decision whether this is new. Well, but the determination under this... I mean, the underlying facts he has to look at, he can tell me all about those facts. He can tell me why he determined that and what the situation was and give me basis. But my worry was he didn't, and therefore I didn't know whether to help him or not. But, Your Honor, there was nothing that the plaintiff introduced into the record. Once we surfaced and we asked for permission to file a new summary judgment motion based on this new nine-page letter, which is significantly different, it does offer much more... That begs the question.  And the other side didn't have to put in anything for that determination still to be at issue. But, Your Honor, once their reliance entirely... The problem that I have with this, with all of this, is this. We're on summary judgment. In my book, the district court on summary judgment has to give all deference to this party, to the non-moving party on summary judgment. Whatever you put in the record, if it's admitted, and first of all, it has to be determined it's new and it's different in order to get it admitted, and he makes that determination without explanation, and then he has to give all deference to the other side. When I read that letter, it does not say what you would suggest it says. In fact, it's questionable to me what it says. At that point, I'm saying to myself, how do I affirm the good judge? I want to affirm the good judge. I was in his spot many times and wanted to keep, not the Ninth Circuit, because they weren't my direct review, but my Court of Appeals, Idaho, off my back. I wanted to give them what they needed so that I could make the decision, and he didn't. And I kept saying, how do I help you, Judge? But, Your Honor, there's nothing in the record that they put in to address this key question. Like I say, you look at the totality of the record, and it is clear they admitted they were on notice and aware. You never get into discovery rule, fraudulent concealment, all these other issues, unless they proffer affirmative evidence, which they did not do in opposing our summary judgment motion as to some change in knowledge between December of 05, when they're still writing letters threatening everybody with fraud, and the August 20th, 2006 letter, which they withheld. They still haven't produced the letter. So they figured it would never surface. You heard my question. My question was, on summary judgment, when all you're doing is presenting new evidence, and this was, you first of all got to have the ability to give the new evidence, and different, and you're addressing something my panel, which I'm bound by, says there is an issue of material fact on this question of summary judgment. And now I get this evidence, which somebody says it's new, and it's different, and he doesn't tell me why, and then he proceeds to tell me what's in the letter, which I don't necessarily agree with, on summary judgment, where he's supposed to be giving every benefit of the doubt to the non-moving party. The non-moving party here, Your Honor, didn't ask for an evidentiary hearing. They could have done that. Well, even if they didn't have an evidentiary hearing, on summary judgment, I'm gonna go against you, because I have to give every benefit of the doubt to him. Well, respectfully, Your Honor, I think on this mixed question of law, where it's a clear error standard, you may have come to a different conclusion, but in this case, I don't see how this is a clear error. We're on summary judgment. You have got to show beyond reasonable. It cannot be a question of fact. This letter did not take away from what was the ultimate issue. It only was there, and I could read it totally different. And giving him every benefit of the doubt, I did read it different, and I don't think he should have issued the summary judgment. Well, we respectfully disagree, obviously. But I'm just trying to say what the standards of review are, and why it came down, and that's why I wanted to question you. I'm not trying to say your arguments aren't good, but on my standard of review, what do I do? Well, but what I would suggest, Your Honors, is if you look at the case law, if you look and apply the California statute of limitations. You haven't looked at the case law? No, I didn't mean it, but I'm saying if you look at the language in Jolly, if you look at the language in Norgard, and then, Your Honor, after we were assigned the panel, I looked and saw that you, for example, wrote an opinion in Platt Electric interpreting Jolly in 2008, and those cases are all clear. Rita M., under the California Court of Appeals, is clear that once the plaintiff has an awareness of the conduct, then there is, you don't apply these additional doctrines. The only way they get to remain alive with their claims because they filed too many years too late is if you either apply the discovery rule or fraudulent concealment. On this record, when you look at the totality of the evidence, I don't see how, when they've not introduced any new declaration, they didn't produce a new declaration in response to this new motion for summary judgment that we brought to even begin to try to address the August 20th, 2006 letter. They didn't ask for an evidentiary hearing. They waived that. I understand your argument about that. Is anyone interested in hearing about the attorney's fees issue from this? No, because I think they rise and fall on this issue. All right, well, we certainly, it's our position, Your Honors, as I wrap up, that we believe the district court ruled correctly. We believe that the only question that remained after the last hearing before this court was, was there an issue of fact after December of 2005? The only evidence we have in the record now is this August 20th, 2006 letter. They didn't put in any new evidence to address it or dispute it. We think the judgment should be affirmed.  Rebuttal? Appreciate your argument. Thank you, Your Honors. Briefly, Your Honor, this- So what do you think is the standard of review in this case? I think it's de novo. Why? Because you have a summary judgment. You have, the reason why is, I suppose, when a summary judgment is made and you know that the findings of fact have been presented by counsel without hearing and executed, this is the third time this has happened on the same situation, third summary judgment that has been sent, potentially sent back. That by itself explains a good reason for de novo. So tell us why, if we decide to send this case back, it should or should not go back to the same judge. Well, Your Honor, the problem with, I actually tried and won a case before Judge Reel a long time ago, and I have great respect for Judge Reel. What has happened in this case is a serial summary judgment picking one issue. They file summary judgment motions putting six or seven issues out there. He picks one, sends it up, and doesn't decide the others, and it's sent back again. Same thing happens, multiple grounds. He picks one, sends it up, it's sent back again. I think the reason you do it is because you're sending it back for the third time and the judicial resources here deserve some respect. It shouldn't be a fourth and a fifth time. And at this point, we did request it be reassigned. And one of the pieces of evidence that counsel ignores is a piece of evidence that this court underscored in its own opinion, and that is the introduced evidence that Ota's, this is from your honors, from the previous panel's ruling, that Ota's general manager told two FOLEX officers on December 12, 2005, Ota would no longer purchase goods from LSMRI and would return to purchasing golf club heads from the previous supplier. Plain lie, just wrong. Now we did introduce evidence, of course that was wrong. They went back into business. Now, I think when you send it back, there ought to be court's deference to the panel, not once, twice, but three times. And when evidence is set forth, when you send it back and you specifically, in a panel opinion, outline what evidence you think is important or what this court thinks is important, and it's not even considered and it comes back again, I think that's when you act and you decide to reassign. Is there anything else? No, your honor. Thank you very much. I'm going to exercise a point of privilege because I neglected to ask opposing counsel about the reassignment. Would you like to address that point, counsel? Just briefly. Thank you, your honors. You know, we oppose this in our papers. We don't think that the case needs to be reassigned. We don't see any kind of manifest injustice here. I mean, the only reason that the summary judgment on the statute of limitations was addressed again is because we later got this new August 20th letter. We asked Judge Real for permission, and he properly, under this circuit's authority, allowed us to brief it again. So I don't think there's any reason why a case that if you do intend to send it back, and I'd urge you to reconsider that, then we think Judge Real is the correct judge. At a minimum, your honors, if you're thinking about sending it back, then we would ask for an evidentiary hearing first on this one issue, and perhaps it could be directed that way. The new judge you're talking? Well, in front of Judge Real would be our hope and expectation. I'm not saying Real in front of the district judge. You're not talking for in front of us. Right, correct, your honor. You're talking about in front of the district judge. Because, you know. The worry that I have, counsel, is this. Is Judge Real just... I want to say this sufficiently correctly. Did he just say, I've ruled on this once. Those guys on the Ninth Circuit don't know what the heck they're doing. And now I got it again, and I'm gonna do the same thing. Or did he look carefully at what the Ninth Circuit had given him? Well, it's our view, your honor, that he did look carefully. Because the last time all the Ninth Circuit said was there was a question as of December 2005. Prior counsel, before Mr. Bosch, argued to this panel and conceded that his client was aware of the bad conduct, the alleged bad conduct, in 2005. So the only question and the only reason the case was sent back is because it was unclear what happened post-December 2005. And our view is once we got a hold of this letter, which they still never gave us, and presented it to the court, it completed the record, it completed the circle. And we think Judge Real got that right. All right, thank you. Thank you to both counsel for your helpful arguments. Thank you, your honor. The case just argued is submitted for decision by the court that completes our calendar for the day and for this week. We are adjourned. All rise.
judges: Rawlinson, N.R. Smith, Korman